# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:26-cv-00002-MR

| | | |
|---|---|---|
| JEREMY RAPHAEL JACKMAN-BEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| MICHELLE JACKMAN-BEY, | ) | |
| | ) | |
| As Next Friend, | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| vs. | ) | |
| | ) | |
| JAMIE BULLARD, Warden, | ) | |
| Tabor Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the Petition for

Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, on behalf of

Jeremy Raphael Jackman-Bey (herein "Petitioner"), by Michelle Jackman-

Bey, as his "next friend" (herein "Ms. Jackman-Bey").  [Doc. 1].

## I.    BACKGROUND

According to the North Carolina Department of Adult Correction

Database,[1] the Petitioner is a prisoner of the State of North Carolina pursuant

---

[1]  See  https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=
1082643&searchOffenderId=1082643&searchDOBRange=0&listurl=pagelistoffendersea
rchresults&listpage=1 (herein "NCDAC Database"); Fed. R. Evid. 201.

to a state court judgment. The Petitioner was convicted in the Mecklenburg County Superior Court, file number 11CR23384, of Second-Degree Murder on April 26, 2012. [NCDAC Database]. The state trial court imposed on the Petitioner an active sentence of 200 to 249 months imprisonment. [Id.]. The Petitioner's conviction and sentence imposed in this judgment is projected to expire November 12, 2029. [Id.].

Ms. Jackman-Bey has filed the petition herein purportedly on behalf of the Petitioner asserting that she is the "Attorney-in-Fact and Authorized Next Friend" of the Petitioner. [Doc. 1]. Ms. Jackman-Bey is not an attorney licensed by the North Carolina State Bar[2] to practice law. Further, Ms. Jackman-Bey neither alleges any facts to show why the Petitioner is incapable of filing his own petition through licensed counsel or pro se, nor why this Court should grant her "next friend" status.

## II.  DISCUSSION

Relief under 28 U.S.C. § 2254 is available to a person who is "in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." While Ms. Jackman-Bey broadly asserts that the Petitioner is being

---

[2] A search of the North Carolina State Bar membership directory using the surname "Jackman" or "Jackman-Bey" located no licensed attorney with the full name "Michelle Jackman-Bey." https://portal.ncbar.gov/Verification/results.aspx. Fed.R.Evid. 201.

held by the state in violation of the Constitution, her very capacity to assert these claims for and on behalf of the Petitioner is governed by a separate part of the Constitution. Article III, Section 2 of the Constitution limits the power of federal courts to actual cases and controversies. Though "several doctrines ... have grown up to elaborate that requirement," the one "that requires a litigant to have 'standing' to invoke the power of a federal court is perhaps the most important." Allen v. Wright, 468 U.S. 737, 750 (1984). A person who does not satisfy Article III's standing requirements may still proceed in federal court if she meets the criteria to serve as "next friend" of someone who does.

In Whitmore v. Arkansas, 495 U.S. 149, 162 (1990), the Supreme Court noted that next friend standing "has long been an accepted basis for jurisdiction in certain circumstances," expressly permitted in habeas actions,[3] and has most often been invoked "on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." The Court clarified that "[a] 'next friend' does not himself become a party to the habeas corpus action in which he participates, but

---

[3] "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*." 28 U.S. Code § 2242 (emphasis added).

simply pursues the cause on behalf of the detained person, who remains the real party in interest." Id. at 163.

The availability of next friend standing in federal court is not a right and is strictly limited:

> Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

Whitmore, 495 U.S. at 163-64 (internal citations omitted). As the Court emphasized, "[t]hese limitations on the 'next friend' doctrine are driven by the recognition that it was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." Id. at 164.

This Court now turns to the issue of whether Ms. Jackman-Bey qualifies for next friend status. First, the Court finds that Ms. Jackman-Bey has no significant relationship with the real party in interest, the Petitioner, or that she appears truly dedicated to his best interests. This is so simply

4

because Ms. Jackman-Bey has alleged no such facts leading to either conclusion. Second, the Court likewise cannot find that the real party in interest, the Petitioner, is incapable of appearing on his own behalf to prosecute the action. Ms. Jackman-Bey has alleged no facts setting forth any basis as to why the Petitioner cannot complete a standard habeas form himself and sign it under penalty of perjury.

The Court has before it the all-too-common scenario of a concerned individual, possibly a spouse or family member, wanting only the best for the named Petitioner who is in state custody. In the absence of any factual showing of mental incompetence or other disability plaguing the Petitioner, as well as the absence of any facts showing her significant relationship with the Petitioner, Ms. Jackman-Bey's claim to next friend status is unfounded. As noted by the Fifth Circuit,

> [I]ndividuals not licensed to practice law by the state may not use the "next friend" device as an artifice for the unauthorized practice of law. The "next friend" expedient, which on occasion may be essential to the efficacy of the "Great Writ," may not be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined.

Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978). As mandated by the Supreme Court, "[t]he burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court."

5

<u>Whitmore</u>, 495 U.S. at 164. Ms. Jackman-Bey has not carried this burden. Accordingly, Ms. Jackman-Bey fails to qualify for the status of next friend and, therefore, this Court is without jurisdiction to proceed.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Ms. Jackman-Bey's next friend status is **DENIED** and this action is **DISMISSED** for want of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court **DECLINES** to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Signed: April 20, 2026

Martin Reidinger
Chief United States District Judge

6